UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSHUA TILLERY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-40 |
| | § | |
| HIGMAN BARGE LINES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Higman Barge Lines, Inc.'s ("Defendant") Motion to Dismiss or Strike Plaintiff's Collective Action Claims, Motion to Stay Proceedings and Motion to Transfer (D.E. 6), to which Plaintiff Joshua Tillery, individually and on behalf of all others similarly situated ("Plaintiff"), has responded (D.E. 9), and Defendant has replied (D.E. 15).

## I. Background

On February 3, 2012, Ronnie Barnett ("Barnett") filed a collective action in the United States District Court for the Southern District of Texas – Galveston Division alleging that Defendant failed to pay its vessel-based tankermen overtime wages in violation of the Fair Labor Standards Act (FLSA). *Barnett v. Higman Barge Lines, Inc.*, Civil Action No. 3:12-36 (S.D. Tex. – Galveston) (Costa, J.). Specifically, Barnett alleged that Defendant misclassified its tankermen as exempt seamen under the FLSA. Barnett requested unpaid overtime for all individuals who were employed by Defendant as tankermen within the past three years and were paid a "day rate" with no overtime

compensation.  On June 12, 2012, the court conditionally certified a class of tankermen for the period June 12, 2009, through June 12, 2012.  Roughly one year later, on June 17, 2013, *Barnett* was stayed pending an interlocutory appeal in *Coffin v. Blessey Marine Services, Inc.*, based upon an anticipated decision by the United States Court of Appeals for the Fifth Circuit on the precise issue of whether tankermen may be properly classified as exempt seaman under the FLSA.  *Coffin v. Blessey Marine Services, Inc.,* Civil Action No. 4:11-214 (S.D. Tex. – Houston) (Atlas, J.), No. 13-20144 (5th Cir. argued Jan. 6, 2014).

Eight months later, on February 17, 2014, Plaintiff brought this identical collective action against Defendant also alleging that Defendant failed to pay its tankermen overtime compensation in violation of the FLSA.  Like the plaintiffs in *Barnett*, Plaintiff challenges Defendant's classification of its tankermen as exempt seaman under the FLSA.  Plaintiff also seeks the same relief, namely back wages and liquidated damages for a three-year period.

Defendant now moves to dismiss or strike Plaintiff's collective action allegations based upon the first-to-file rule.  Defendant further requests that Plaintiff's individual claims be stayed by the Court until the Fifth Circuit renders a decision in *Coffin*.  In the alternative, Defendant moves that this entire action be transferred to the Galveston Division, also based upon the first-to-file rule.

## II. Motion to Dismiss or Transfer

### A. First-to-File Standard

The Fifth Circuit follows the first-to-file rule, which dictates that "in the absence of compelling circumstances, the Court initially seized of a controversy should be the one to decide whether it will try the case." *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1161 n.28 (5th Cir. 1992); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971). Federal courts endeavor to avoid duplicating cases in an effort to avoid waste, avoid making rulings that may "trench on the authority of sister courts," and avoid "piecemeal resolution of issues that call for a uniform result." *Superior Sav. Ass'n v. Bank of Dallas*, 705 F. Supp. 326, 329 (N.D. Tex. 1989) (citations omitted). *See also Schauss v. Metals Depository Corp.*, 757 F.2d 649, 654 (5th Cir. 1985) ("[W]e have long advocated that district courts exercise their discretion to avoid duplication of proceedings where related claims are being litigated in different districts."); *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985) ("[C]omity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference in each other's affairs.").

In determining whether a subsequently-filed case should be dismissed in favor of a first-filed case pending in a different court, "[t]he crucial inquiry is one of 'substantial overlap.'" *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (quoting *Mann Mfg.*, 439 F.2d at 408). "Once the likelihood of a substantial overlap between the two suits has been demonstrated, it is . . . no longer up to the second filed court to resolve the question of whether both should be allowed to proceed." *Cadle Co. v.*

*Whataburger of Alice, Inc.*, 174 F.3d 599, 605 (5th Cir. 1999) (internal brackets and quotation omitted).  Instead, the proper course of action for the second-filed court is "to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Id.* at 606.

### B. Analysis

Defendant moves to dismiss Plaintiff's collective action claims, or, in the alternative, to transfer the entire action to the Galveston Division because this case and the *Barnett* case raise identical legal issues and seek to represent an identical class. Defendant maintains that dismissal and/or transfer would further judicial economy, avoid substantial burden to the parties, and avoid conflicting opinions between various divisions within this district.  Plaintiff argues against the application of the first-to-file rule because the opt-in period in *Barnett* closed more than 19 months ago, and none of the plaintiffs from *Barnett* can or will be involved in the above-captioned lawsuit.  As such, Plaintiff claims "there is *no overlap whatsoever* between the *Barnett* case and this one," and the rule should not apply. (D.E. 9, p.16 (emphasis in original).)

The Fifth Circuit has made clear that "[c]omplete identity of the parties is not required" for purposes of the first-to-file rule. *Save Power*, 121 F.3d at 951.  Instead, the Court must consider whether *the issues raised* in both suits substantially overlap. *Id.* at 950.  As set forth by Defendant, both lawsuits involve the exact same legal issue: whether Defendant's classification of its tankermen as seamen is in violation of the FLSA.  The Court therefore finds that "[i]f these actions are not tried together, this would lead to judicial waste as well as piecemeal resolution of the FLSA issues, risking inconsistent

judgments." *Solis v. Gate Guard Servs. L.P., et. al.*, Civil Action No. 2:11-41 (S.D. Tex. Mar. 22, 2011) (Jack, J.), D.E. 18 at 5 (citing *Save Power*, 121 F.3d at 951).[1]

Plaintiff further argues against transfer to the Galveston Division because he and other potential opt-in plaintiffs live and work in the Corpus Christi Division.    The plaintiff in *Twin City* similarly argued that the court should consider factors related to venue under 28 U.S.C. § 1404(a) in determining whether compelling circumstances exist justifying departure from the first-to-file rule. *Twin City Ins. Co. v. Key Energy Servs. Inc.*, 2009 WL 1544255, *6 (S.D. Tex. Jun. 2, 2009) (Lake, J.).    The court rejected this claim, recognizing that the Fifth Circuit has "made clear that it is the first-filed court . . . that should make the § 1404(a) determination." *Id.*

In light of the similarities of the instant case to the first-filed *Barnett* case, the Court finds that transfer to the Galveston Division is proper.

## III.  Motion to Dismiss or Strike and Motion to Stay Proceedings

The general rule is that "the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power*, 121 F.3d at 950. In fact, the court with "'prior jurisdiction over the common subject matter' should resolve *all issues presented* in related actions." *West Gulf Maritime Ass'n*, 751 F.2d at 730 (quoting *Mann Mfg.*, 439 F.2d at 408) (emphasis added).

---

[1]. The risk of inconsistent judgments is also the reason why *Barnett* is currently stayed pending the Fifth Circuit's decision in *Coffin*.

The Galveston Division is the appropriate court to determine whether Plaintiff's second-filed collective action claims should be dismissed or stricken and whether the entire second-filed action should be stayed pending the Fifth Circuit's decision in *Coffin*. The Court therefore declines to rule on Defendant's motion to dismiss or strike and motion to stay proceedings.

## IV.  Conclusion

For the reasons stated herein, Defendant's Motion to Dismiss or Strike Plaintiff's Collective Action Claims, Motion to Stay Proceedings and Motion to Transfer (D.E. 6), is **GRANTED IN PART**.  The Court hereby **TRANSFERS** this case to the United States District Court for the Southern District of Texas – Galveston Division, where related litigation is pending and styled as *Barnett v. Higman Barge Lines, Inc.*, Civil Action No. 3:12-36.

ORDERED this 29th day of April, 2014.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE